Harter, J.
We concur entirely with the Chancellor on both the points involved in the case. Fearne, in his treatise on contingent remainders and executory devises, 471, says what has been so often repeated, that “with respect to executory devises of terms of years, or other personal estates, the Court of Chancery has very much inclined to lay hold of any word in the will to tie up the generality of the expression of dying without issue, and confine it to dying without issue living at the time of the person’s decease. ”
Such is the case of Forth v. Chapman, and others, where property is given to one and his issue, and limited over in the event of the legatee’s dying without leaving issue. But surely the words are stronger in the present case, where the direction is explicit that the property shall be divided, in default of issue, at the death of the legatee for life. They are stronger than in the case of Nichols v. Hooper, 1 P. W. 198, quoted by Fearne, at the page before referred to, where the bequest was of £100, if the legatee should die without issue, to be paid within six months after the death; or in Pinbury v. Elkin, 1 P. W. 563, where the bequest was, if the wife should die without issue by the testator, then after her decease to the testator’s brother. The words “then after,” were taken to mean immediately after, and consequently to restrain the dying without issue to the time of the death. The case also might come within the reason of the decision in Keily v. Fowler, Fearne, 482, there being a personal trust to the executors to retain the fund and pay over the interest during the son’s life, and then to divide the fund.
Weagree also with the Chancellor in respect to the apportionment of the interest; and such, I believe, was the common rule, independently of the decision referred to by the Chancellor. The cases in which it was said that there should be no apportionment between the tenant for life and the remainder-man, were those of rent, payable on certain days, Jenner v. Morgan, 1 P. W. 392, which *was remedied by statute 11 Geo. 2, -* C. 19 ; that of money in the public funds, on which the dividends are payable on certain days, Rashleigh v. Masters, 3 Br. Ch. Ca. 99; and that of annuities, Pearly v. Smith, 3 Atk. 260. But, as is said in the case last referred to, interest is regarded as accruing from day to day, and therefore apportioned. Edwards v. Countess of Warwick; Wilson v. Harman, 2 Ves. 67; 2 P. W. 176. And this was done where the interest was reserved on a bond by half-yearly payments. So, where under a marriage settlement, a certain yearly sum was to be paid on certain days half yearly, for maintenance, this was apportioned, maintenance being favored. In the case before us, the interest is directed to be paid annually, or as soon as collected, and plainly for the son’s maintenance.
Decree affirmed.
Johnston, J., and O’Neaed, J., concurred.